**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

August 25, 2009

Gerard F. Smith, Esq.
Pezold, Smith, Hirschmann & Selvaggio, LLC
One Broadway
Suite 201
Denville, NJ 07834

Kurt H. Dzugay, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
33 Washington Street
Newark, NJ 07102

Craig S. English, Esq.
Kennedy, Lillis, Schmidt & English
91 Pacific Street
Newark, NJ 07105-1603

Kenneth Hayes, Esq.
Hardin, Kundla, McKeon & Poletto, P.A.
673 Morris Avenue
Springfield, NJ 07081-0720

Christopher J. O'Connell, Esq.
Sweeney & Sheehan, P.C.
Sentry Office Plaza
216 Haddon Avenue
Suite 500
Westmont, NJ 08108

John D. Shea, Esq.
Litchfield Cavo, LLP
1800 Chapel Avenue West
Suite 360
Cherry Hill, NJ 08002

**LETTER ORDER REPORT AND RECOMMENDATION**

Re:   **Becton, Dickinson and Company v. Piscataqua Trans, Inc., et al.
Civil Action No. 06-6287 (SDW)**

Dear Counsel:

This matter arises out of a property damage claim which occurred on January 26, 2004. In sum, plaintiff, Becton, Dickinson and Company ("plaintiff") demanded the value of a specialized piece of equipment manufactured by defendant Kortec, Inc. ("Kortec"), which was destroyed in transit. Apparently, the driver of the tractor lost control of the vehicle and an accident ensued. Defendant Piscataqua Trans, Inc. ("Piscataqua") was the entity retained for transportation of the equipment. It also owned the tractor-trailer in question and employed the driver.

Following lengthy negotiations, a settlement was reached and the Court entered an Order dismissing the case on June 20, 2008. The settlement required Piscataqua to pay Kortec the sum of $100,000. On October 9, 2008, Piscataqua forwarded a settlement check in the amount of $95,412.98 to Kortec. The check was $4,587.02 short of the agreed-to settlement amount. Kortec filed this motion to enforce the Settlement Agreement. It also seeks attorney fees and costs. The motion is unopposed.

## ARGUMENT

State law governs the enforcement of settlement agreements in federal court. See, e.g., Moss v. McDonald's Corp., No. 03-5000, 2006 WL 680985, at *4 (D.N.J. 2006); Excelsior Ins. Co. v. Pennsbury Pain Center, 975 F. Supp. 342, 349 (D.N.J. 1996). A settlement agreement between parties is a contract and, like all contracts, may be freely entered into absent fraud or other compelling circumstances. See Zuccarelli v. Dep't of Envir. Prot., 741 A.2d 599, 604 (N.J. Super. Ct. App. Div. 1999) (citing Pascarella v. Bruck, 462 A.2d 186, 190 (N.J. Super. Ct. App. Div. 1983)).

Traditional contract law principles provide that "a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms." See, e.g., Excelsior Ins. Co., 975 F. Supp. at 349; see also United States v. Lightman, 988 F. Supp. 448, 458 (D.N.J. 1997) ("That contract is enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms."); Hagrish v. Olson, 603 A.2d 108, 109 (N.J. Super. Ct. App. Div. 1992) ("A contracting party is bound by the apparent intention he or she outwardly manifests to the other party."). An oral agreement as to the essential terms of a settlement is valid even though the parties later intend to reduce their agreement to a formal writing. See Pascarella v. Bruck, 462 A.2d 186, 191 (N.J. Super. Ct. App. Div.1983); Bistricer v. Bistricer, 555 A.2d 45, 47-48 (N.J. Super. Ct. Ch. Div. 1987). As long as the "basic essentials are sufficiently definite, any gap left by the parties should not frustrate their intention to be bound." Hagrish, 603 A.2d at 110; see also

Lightman, 988 F. Supp. at 458 ("A contract is formed where there is an offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty").

In New Jersey, there is a strong public policy in favor of settlement. See, e.g., Borough of Haledon v. Borough of North Haledon, 817 A.2d 965 (N.J. Super. Ct. App. Div. 2003); Zuccarelli, 741 A.2d at 604. Considering New Jersey public policy, courts should "strain" to uphold settlements. See Bistricer, 555 A.2d at 49. Accordingly, as indicated above, courts will not interfere with a settlement agreement "absent a demonstration of fraud or other compelling circumstances." Zuccarelli, 741 A.2d at 604 (quoting Pascarella v. Bruck, 462 A. 2d 186, 190 (N.J. Super. Ct. App. Div. 1983 )).

This Court is satisfied that a voluntary binding contract was formed between the parties, wherein Piscataqua agreed to pay $100,000 in settlement. Indeed, "the bargain was clearly struck." Pascarella, 462 A.2d at 191. Yet, Piscataqua has only made a partial settlement payment. Pursuant to the unambiguous and uncontested agreement between the parties, the amount of $4,587.02 is still owed to Kortec. Accordingly, this court respectfully recommends that Kortec's motion be granted in part and denied in part. Specifically, in accordance with the Settlement Agreement, Piscataqua should be ordered to pay Kortec in the amount of $4,587.02. Since the Settlement Agreement did not address attorney fees, and there is no statutory or other basis to award them, Kortec's request for fees and costs is denied.

**SO ORDERED.**

                                                *s/Madeline Cox Arleo*
                                                **MADELINE COX ARLEO**
                                                **United States Magistrate Judge**

cc:    Clerk
        Hon. Susan D. Wigenton, U.S.D.J.
        All Parties
        File